UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CHRISTOPHER E. BROWN, an individual, : : : Plaintiff, : : vs. : : CAPALBO STONINGTON REALTY LLC, : a Connecticut Limited Liability Company, : : Defendant. : / | CIVIL ACTION NO. Jury Trial Not Demanded |

**COMPLAINT**
**(Injunctive Relief Demanded)**

Plaintiff, CHRISTOPHER E. BROWN, by and through his undersigned counsel, hereby files this Complaint and sues CAPALBO STONINGTON REALTY LLC, a Connecticut Limited Liability Company, for declaratory and injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. § 12181 et. seq, ("AMERICANS WITH DISABILITIES ACT" or "ADA"), and alleges:

**JURISDICTION AND PARTIES**

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act. This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b).

3. Plaintiff, CHRISTOPHER E. BROWN, (hereinafter referred to as "MR. BROWN"), is a resident of the State of New York. Plaintiff enjoys traveling to Connecticut (and numerous other places) and has visited the area where the Defendant's Property is located numerous times over the last three years.

4. MR. BROWN suffers from Arthrogryposis, which causes him to be confined to a wheelchair. The condition also causes atrophy in his arms, hands, shoulders and elbows, which makes it extremely difficult to reach for, grip and manipulate objects.

5. Due to his disability, Plaintiff is substantially impaired in several major life activities and requires a wheelchair for mobility.

6. The Defendant, CAPALBO STONINGTON REALTY LLC (hereinafter referred to as "Defendant") is a Connecticut Limited Liability Company. Upon information and belief, the Defendant is the owner, lessee, and/or operator of a place of public accommodation, including the real property and improvements which are the subject of this action, to wit: Pawcatuck Shopping Center generally located at 37 S. Broad Street, Pawcatuck, CT 06379.

7. All events giving rise to this lawsuit occurred in the District of Connecticut, New London County, Connecticut.

## COUNT I - VIOLATION OF TITLE III OF THE
## AMERICANS WITH DISABILITIES ACT

8. Plaintiff realleges and reavers Paragraphs 1 - 7 as if they were expressly restated herein.

9. The Property, a shopping plaza, includes numerous retails shops. Consequently, it is a place of public accommodation subject to the ADA.

10. MR. BROWN has visited the Property several times over the past three years and plans to return in the near future.

11. During his visits, MR. BROWN experienced serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers discussed in this Complaint.

12. MR. BROWN continues to desire to visit the Property, but fears that he will again encounter serious difficulty due to the barriers discussed herein which continue to exist.

13. Furthermore, but for the existing barriers to access, MR. BROWN would visit the Property more often.

14. Defendant is in violation of 42 U.S.C. § 12181 et. seq. and 28 C.F.R. § 36.302 et. seq. and is discriminating against the Plaintiff due to Defendant's failure to provide and/or correct, *inter alia,* the following architectural barriers which Plaintiff personally encountered and which hindered his access to the Property:

    A.    Plaintiff encountered inaccessible curb ramps throughout the Property, specifically near O'Keefe's Discount Liquors and Walgreens due to steep slopes and pavement in disrepair.

    B.    Plaintiff encountered inaccessible parking spaces designated for disabled use near Renegade Fitness and O'Keefe's Discount Liquors due to steep slopes and severely faded signage which was not legible.

    C.    Plaintiff encountered inaccessible parking spaces designated for disabled use near Top's China due to a failure to provide any signage and a lack of access aisles.

    D.    Plaintiff encountered inaccessible sidewalk routes along the right side of the Renegade Fitness entrance leading to the rest of the plaza due to running slopes in excess of 1:20, a rise of over 6 inches and a failure to provide handrails.

15. To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

16. Independent of his intent to return as a patron of the goods and services located at the Property, Plaintiff additionally intends to return to the Property as an ADA tester to determine whether the barriers to access discussed herein have been remedied.

17. Removal of the barriers to access located on the Property is readily achievable, reasonably feasible and easily accomplishable without placing an undue burden on DEFENDANT.

18. Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

19. The Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action.  Plaintiff is entitled to have his reasonable attorney's fees, costs, and expenses paid by DEFENDANT pursuant to 42 U.S.C. § 12205.

WHEREFORE, the Plaintiff demands judgment against DEFENDANT, and requests the following injunctive and declaratory relief:

    A. That the Court declares that the Property owned, leased and/or operated by DEFENDANT is in violation of the ADA;

    B. That the Court enter an Order directing DEFENDANT to alter the facility to make it accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

    C. That the Court enter an Order directing DEFENDANT to evaluate and neutralize its policies and procedures towards persons with

disabilities for such reasonable time so as to allow Defendant to undertake and complete corrective procedures.

D. That the Court award reasonable attorney's fees, costs (including expert fees), and other expenses of suit, to the Plaintiff; and

E. That the Court award such other and further relief as it deems necessary, just and proper.

Date:  May 16, 2019

> Respectfully Submitted,
>
> By:    /s/ Louis I. Mussman
> Louis I. Mussman (ct27484)
> Ku & Mussman, P.A.
> 18501 Pines Boulevard
> Suite 209-A
> Pembroke Pines, FL  33029
> Phone:  (305) 891-1322
> Fax:  (305) 891-4512
> E-mail:  louis@kumussman.com
>
> and
>
> Ioannis A. Kaloidis, Esq. (ct25510)
> The Kaloidis Law Firm, LLC
> Local Counsel
> 580 Watertown Avenue
> Waterbury, CT  06708
> Tel: (203) 597-0010
> Fax: (203) 597-0024
> john@kaloidislaw.com
>
> Attorneys for Plaintiff